UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL B. SPRINGER,

       Plaintiff,                               Case No. 2:16-cv-10681
                                                  District Judge Matthew F. Leitman
v.                                                  Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**<u>REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 16) and DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 19)</u>**

**I.    RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **GRANT** Plaintiff's motion for summary

judgment (DE 16), **DENY** Defendant's motion for summary judgment (DE 19),

and **REMAND** the matter to the Commissioner of Social Security for further

proceedings consistent with this Report and Recommendation.

**II.    REPORT**

      Plaintiff, Daryl B. Springer, brings this action under 42 U.S.C. § 405(g) for

review of a final decision of the Commissioner of Social Security

("Commissioner") denying his application for disability insurance (DI) benefits.

This matter is before the United States Magistrate Judge for a Report and

1

Recommendation on Plaintiff's motion for summary judgment (DE 16), the Commissioner's cross motion for summary judgment (DE 19), Plaintiff's reply (DE 20) and the administrative record (DE 7).

### A.     Background

Plaintiff filed his application for DI benefits on June 20, 2013, alleging that he has been disabled since June 8, 2012, at age 43, but his application was denied in October 2013.  (R. at 165-166, 91-107, 110-119.)  On November 13, 2013, Plaintiff sought a *de novo* hearing before an Administrative Law Judge ("ALJ").  (R. at 127-128.)  ALJ Patricia S. McKay held a hearing on January 12, 2015, at which Plaintiff was represented by counsel and Vocational Expert (VE) Pauline McEachin testified.  (R. at 31-90.)  On March 27, 2015, ALJ McKay determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 8-30.)

Plaintiff requested review of the hearing decision.  (R. at 7.)  On December 22, 2015, the Appeals Council denied Plaintiff's request for review.  (R. at 2-6.)  Thus, ALJ McKay's decision became the Commissioner's final decision.

Plaintiff then timely commenced the instant action on February 25, 2016. (DE 1.)

### B.     Plaintiff's Medical History

Although Plaintiff's 250 pages of medical records date back as far as June 12, 1996 – when he was being treated for a spinal condition resulting from a skiing accident (R. at 483) – his records are primarily concentrated from December 19, 2011 through January 2, 2015. (R. at 242-491.) Of particular import here are: the July 25, 2013, September 26, 2013, October 7, 2013 and January 2, 2015 opinions of Margaret Eckel, D.O. (R. at 350-354, 381-387, 489-491)); the April 9, 2013 medical source statement of John Zinkel, M.D. (R. at 484-487); the October 3, 2013 diagnostic evaluation report of Raul J. Guerrero, M.D. (R. at 360-361); and, the June 11, 2013 opinion of Thomas Giancarlo, D.O. (R. at 315-316). These will be discussed as necessary below.

### C. Hearing Testimony

ALJ McKay conducted a hearing on January 12, 2015, at which Plaintiff and VE McEachin testified. (*See* R. at 31-90.) As the following report foregoes commentary on Plaintiff's challenge to the ALJ's credibility determination, as explained below, I will forego further summary of the testimony for the time being and only refer to it as necessary during the analysis.

### D. The Administrative Decision[1]

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §404.1520(a)(4); see also 20 C.F.R. § 416.920. Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

At **Step 1** of the ALJ's decision denying benefits, she determined that Plaintiff has not engaged in substantial gainful activity since June 8, 2012, the alleged onset date. (R. at 13.) At **Step 2**, the ALJ determined that Plaintiff has the following severe impairments: multilevel disc bulging, degenerative disc disease with mild compression deformities of the thoracic spine, and depressive disorder, not otherwise specified. (R. at 13.) At **Step 3**, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. at 14-16.) At **Step 4**, the ALJ determined that Plaintiff had the RFC to perform the exertional limitations of light work (with "the opportunity to alternate between sitting and standing while engaged in work, as he desires"), with some additional postural, environmental and mental limitations (R. at 16-24), and further determined that

---

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Plaintiff is unable to perform any past relevant work (R. at 24-25). At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. at 25-26.)

### E. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007);

*Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**F.  Analysis**

The body of Plaintiff's argument reveals disputes with: (1) the weight of opinion evidence regarding physical limitations; (2) the definition of the sit/stand option; and (3) the credibility assessment. The Commissioner argues for

affirmance. As the Court finds that the second of these issues warrants remand, it will forego discussion of the other two.

With respect to the sit/stand option, the Court should conclude that the ALJ's Step 4 RFC determination is not supported by substantial evidence. By way of background, the ALJ's hypothetical to the VE at the hearing provided, among other things, that Plaintiff "would need *some flexibility* to change positions, like a sit/stand option." (R. at 84 (emphasis added).) In response, the VE explained that "a sit/stand [option] is not covered in the DOT[,]" "my testimony is based on my professional experience[,]" and "the[] numbers I will provide will be at a reduced range." (R. at 84; *see also* R. at 87.) Then, within the Step 4 RFC determination, the ALJ provided for "the opportunity to alternate between sitting and standing while engaged in work, *as he desires*." (R. at 16, 20 (emphasis added).)[2] Finally, at Step 5, the ALJ noted that the VE's testimony was based, in part, on "the testimony about a sit-stand option . . . ." (R. at 25-26; *see also* R. at 87.)

Plaintiff argues that the ALJ "failed to define the sit/stand option" in the hypothetical to the VE or in the RFC. (DE 16 at 21-22, DE 20 at 4-5.) In so doing, Plaintiff distinguishes the ALJ's hypothetical to the VE from the ALJ's Step

---

[2] Relatedly, in reviewing Dr. Eckel's opinions, the ALJ observed: "Dr. Eckel's opinion that the claimant requires the option to sit and stand *at will* is consistent with the record evidence, as well as the claimant's presentation at the hearing. Therefore, the undersigned has incorporated the credible portions of Dr. Eckel's opinion and has limited the claimant to light work with the additional limitations as discussed above." (R. at 22 (emphasis added); *see also* R. at 21, 353, 490.)

7

4 RFC determination, and likens his case to *Ferguson v. Comm'r of Soc. Sec.*, No. CIV.A. 11-15072, 2013 WL 530868 (E.D. Mich. Jan. 23, 2013), wherein Executive Magistrate Judge Whalen's report and recommendation observed that:

> A sit/stand option, stated either in the RFC or hypothetical question should include the required frequency of position changes. *See* SSR 96–9,1996 WL 374185, *7 (July 2, 1996) ("The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing"). The imposition of a sit/stand *at will* requirement, allowing the individual to change positions at any time rather than prescribed intervals, is the *most restrictive* of all the sit/stand limitations.

*Ferguson*, 2013 WL 530868 at *5 (emphasis added). Albeit non-binding upon this Court, *Ferguson* is persuasive in its similarity to the VE testimony and RFC determination at issue here, as it states:

> The question to the VE included a "sit/stand option" but it did not include the frequency required for position changes, *i.e.* 30 minutes, 15 minutes, at will, etc. . . . However, although the hypothetical question contained only a generic sit/stand option, the RFC found in the administrative opinion stated that Plaintiff was limited to "a sit/stand option at the workstation while remaining at the workstation (option means that the individual can sit/stand at will while performing their assigned duties)" . . . . While it is possible that the VE interpreted the hypothetical question to state that the individual required the ability to change position at any time, the hypothetical question did not include the "at will" limitation found in the RFC.

*Id.* at *5. Ultimately, in adopting the report and recommendation, Judge Lawson directed the ALJ on remand to "include consideration of an 'at will' sit-stand option as part of any hypothetical evaluations of the plaintiff's ability to work[.]" *Ferguson v. Comm'r of Soc. Sec.*, No. 11-15072, 2013 WL 508374, at *1 (E.D.

8

Mich. Feb. 12, 2013). Here, the sit/stand option in ALJ's hypothetical - only modified by the words "some flexibility to change positions" - was generic, and the Step 4 RFC's "opportunity to alternate between sitting and standing while engaged in work. . ." was more restrictive in that it was modified by "as he desires[,]" – an equivalent of "at will." "Some flexibility" and "as he desires" are not the same. While the RFC contained a condition with a maximum restriction, the hypothetical on which the VE based her opinion as to available employment did not.

The Commissioner's arguments in opposition are unavailing. First, Defendant asks the Court to rely upon *Conley v. Colvin*, No. 7:13-CV-121-JMH, 2016 WL 867117 (E.D. Ky. Mar. 2, 2016), where the court agreed that SSR 96-9p did not apply, "since it provides guidance only in circumstances where a claimant is limited to less than the full range of sedentary work, whereas Plaintiff is capable of light work[.]" *Conley*, 2016 WL 867117, at *5. (DE 19 at 14.) Not only is *Conley* not binding upon this Court, but, also, as Plaintiff correctly points out, Conley "did not deal with a sit/stand option." (DE 20 at 4); *see Conley*, 2016 WL 867117, at *5 ("the language quoted by Plaintiff is only applicable when the claimant has the need to alternate sitting and standing. . . .No such limitation was established here."). In addition, albeit in a case where neither the hypothetical question nor the RFC contained the frequency at which Plaintiff would be required

to change position, another judge of this Court has stated: "While SSR 96–9 refers to sedentary rather than light work, the importance [of] determining the required frequency of position changes in determining the capacity for light work is similarly *critical*[.]" *Williams v. Comm'r of Soc. Sec.*, No. 13-CV-12617, 2014 WL 4705397, at *6 (E.D. Mich. Sept. 22, 2014) (Murphy, J., adopting report and recommendation of Whalen, M.J.) (citing SSR 83-12 (S.S.A. 1983) (emphasis added)). The relevant regulation, titled, "CAPABILITY TO DO OTHER WORK-- THE MEDICAL-VOCATIONAL RULES AS A FRAMEWORK FOR EVALUATING EXERTIONAL LIMITATIONS WITHIN A RANGE OF WORK OR BETWEEN RANGES OF WORK," provides:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for a []while before returning to sitting. *Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work* (and for the relatively few light jobs which are performed primarily in a seated position) *or the prolonged standing or walking contemplated for most light work.* (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)
>
> There are some jobs in the national economy--typically professional and managerial ones--in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferr[i]ng work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a

10

> certain task. *Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand **at will**. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.*

SSR 83-12 (S.S.A. 1983) (emphases added). In other words, *Williams* did not interpret SSR 96-9p's *title* as having operative value and has pointed out that SSR 83-12 - which concerns "evaluating exertional limitations within a range of work or between ranges of work," - contains its own guidance on "alternate sitting and standing."[3]

Second, the Commissioner argues that, even if SSR 96-9p applies, Plaintiff "waived the issue by not raising it at the hearing[.]" (DE 19 at 14-15.) True, Plaintiff's counsel did not have any questions for the VE at the hearing. (R. at 88.) However, even looking to the other pages of VE testimony to which the Commissioner directs the Court's attention (R. at 84, 87), "[t]his Court has no way of knowing if the VE's job numbers reflect the inclusion of the 'at will' restriction later stated in the RFC." *Ferguson*, 2013 WL 530868, at *6. As such, "Plaintiff could not have foreseen that the ALJ would impose a more restrictive limitation in

---

[3] It is worth noting that the ALJ made use of the VE's testimony as to the Plaintiff's ability to perform both sedentary and light exertional work. At Step 4, the ALJ accepted the VE's testimony as to the second hypothetical (sedentary work and unskilled jobs) for purposes of determining that Plaintiff was unable to perform any past relevant work. (R. at 24-25, 85.) However, at Step 5, the ALJ accepted the VE's testimony as to the first hypothetical (light exertional work with some exertional limitations) for purposes of determining that "there are jobs that exist in significant numbers in the national economy that the claimant can perform[.]" (R. at 25-26, 85.)

11

the RFC than in the hypothetical question." *Id*. Moreover, the case upon which the Commissioner relies - *Kepke v. Comm'r of Soc. Sec.,* 636 F. App'x 625, 636 (6th Cir. 2016) - does not convince the Undersigned to change his conclusion. (DE 19 at 15.) In that case, the Sixth Circuit stated:

> Kepke argues that the ALJ failed to provide specifics (in the RFC and hypotheticals) as to the frequency of her need to alternate between sitting and standing. . . . Because Kepke failed to probe this alleged deficiency at the ALJ hearing, she forfeited this argument. *See Sims v. Comm'r of Soc. Sec.,* 406 Fed.Appx. 977, 982 (6th Cir.2011) ("Yes, the vocational expert's testimony could have been further refined; but as the district court pointed out, plaintiff's counsel had the opportunity to cross-examine, but asked only one question and did not probe the deficiency now identified on appeal.").

*Kepke*, 636 F. App'x at 636. By contrast, in the case at bar, there are specifics in the Step 4 RFC determination *but not* in the hypothetical to the VE. Here, as noted above, it would be unjust to require Plaintiff and/or his counsel to foresee that the ALJ's Step 4 RFC determination would be more restrictive than the testimony posed at the hearing. *Ferguson*, 2013 WL 530868, at *6.

In the end, as was the case in *Ferguson*, "[i]f the ALJ believed that Plaintiff required a sit/stand *at will* restriction, his failure to include it in the hypothetical question invalidates the VE's job findings." *Ferguson*, 2013 WL 530868, at *6 (emphasis added). Thus, the Court should agree with Plaintiff that the above-described difference between "the ALJ's actual written determination" and "the VE's testimony" renders the VE's testimony "something less than substantial

evidence, warranting remand." (DE 20 at 5.) "[A]t step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Jones*, 336 F.3d at 474. The Commissioner having failed to satisfy this burden, Plaintiff is entitled to remand.

### G. Conclusion

As more thoroughly stated above, I conclude that the ALJ's Step 5 determination is supported by less than substantial evidence. Accordingly, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's motion for summary judgment, **DENY** Defendant's motion for summary judgment, and **REMAND** the case pursuant to 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this Report and Recommendation. Upon remand, Plaintiff is entitled to a new hearing and the ALJ should be directed to re-evaluate the Step 4 RFC and Step 5 findings as necessary and to assure their consistency. If the ALJ determines that an "at will" option is appropriate at Step 4, he or she must likewise include it in the corresponding hypothetical to the VE at Step 5.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

13

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 22, 2017    s/Anthony P. Patti  
                              Anthony P. Patti  
                              UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on June 22, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
